UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>AL'S ASPHALT PAVING COMPANY, INC.<br>and EDWARD D. SWANSON<br><br>          Defendants. | Case: 2:23-cr-20699<br>Judge: Michelson, Laurie J.<br>MJ: Stafford, Elizabeth A.<br>Filed: 12-27-2023<br><br>**INFORMATION**<br><br>Count I:  15 U.S.C. § 1<br>Count II: 15 U.S.C. § 1 |

**INFORMATION**

**COUNT ONE**
**CONSPIRACY TO RESTRAIN TRADE**
**(15 U.S.C. § 1)**

THE UNITED STATES OF AMERICA, ACTING THROUGH ITS ATTORNEYS, CHARGES:

**DEFENDANTS AND CO-CONSPIRATORS**

1.  AL'S ASPHALT PAVING COMPANY, INC. ("AL'S ASPHALT") and EDWARD D. SWANSON ("SWANSON") (collectively, "Defendants") are hereby made defendants on the charge contained in this Count.

2.  During the period covered by this Count, AL'S ASPHALT was a corporation organized and existing under the laws of Michigan with its principal place of business in Taylor, Michigan. During the period covered by this Count, AL'S ASPHALT was engaged in the provision of asphalt paving services in the State of Michigan. At times during the period covered by this Count, SWANSON was Vice-President, President, and part-owner of AL'S ASPHALT.

3.  Another corporation and other individuals not made defendants in this Count,

1

participated as co-conspirators in the offense charged herein and performed acts and made statements in furtherance of the conspiracy.

4. Whenever in this Count reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## BACKGROUND OF THE OFFENSE

5. During the period covered by this Count, Company A was a corporation with its principal place of business in the Eastern District of Michigan, and engaged in the provision of asphalt paving services within the State of Michigan.

6. During the period covered by this Count, Defendants and Company A provided a range of asphalt paving services to customers in the State of Michigan, including to customers in the Eastern District of Michigan. These asphalt paving services included asphalt paving projects such as large driveways, parking lots, and private roadways.

7. During the period covered by this Count, potential customers solicited bids from providers of asphalt paving services. Potential customers typically required bids from at least two or more providers of asphalt paving services and awarded contracts for asphalt paving services after first reviewing and evaluating the bids submitted by asphalt paving services providers.

## DESCRIPTION OF THE OFFENSE

8. Beginning at least as early as March 2013 and continuing until at least as late as November 2018, the exact dates being unknown to the United States, in the Eastern District of Michigan, Defendants entered into and engaged in a combination and conspiracy with Company

A and other co-conspirators to suppress and eliminate competition by agreeing to rig bids for contracts to provide asphalt paving services in the State of Michigan. The combination and conspiracy engaged in by Defendants and their co-conspirators was a *per se* unlawful, and thus unreasonable, restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

9. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendants and their co-conspirators, the substantial terms of which were to rig bids for contracts to provide asphalt paving services in the State of Michigan.

## MEANS AND METHODS OF THE CONSPIRACY

10. For the purpose of forming and carrying out the charged combination and conspiracy, Defendants and their co-conspirators did those things that they combined and conspired to do, including, among other things:

   a. engaging in conversations and communications to discuss which asphalt paving services contracts each co-conspirator company wanted to win;

   b. agreeing, during those conversations and communications, to rig bids for asphalt paving services contracts;

   c. soliciting intentionally non-competitive bids from each other so that an agreed-upon co-conspirator would win a particular contract to provide asphalt paving services;

   d. exchanging pricing-related information to enable co-conspirators to submit non-competitive bids for asphalt paving services contracts to potential customers so that an agreed-upon co-conspirator would win the contract;

  e. submitting, and causing to be submitted, non-competitive bids for asphalt paving services contracts containing higher prices than those prices submitted by the agreed-upon winning co-conspirator, in accordance with the agreement; and

  f. providing asphalt paving services and accepting payment in accordance with contracts that were obtained through a collusive and non-competitive process.

## TRADE AND COMMERCE

11. During the period covered by this Count, Defendants and their co-conspirators provided asphalt paving services in a continuous and uninterrupted flow of interstate trade and commerce. In addition, records and documents necessary for the sale and provision of such services, as well as payments for those services, traveled in interstate trade and commerce.

12. During the period covered by this Count, the business activities of Defendants and their co-conspirators in connection with the provision of asphalt paving services that are the subject of this Count were within the flow of, and substantially affected, interstate trade and commerce.

## VENUE

13. During the period covered by this Count, acts in furtherance of this conspiracy were carried out within the Eastern District of Michigan. Asphalt paving services that were the subject of this Count were provided by one or more of the co-conspirators to customers in the Eastern District of Michigan.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

## COUNT TWO
## CONSPIRACY TO RESTRAIN TRADE
## (15 U.S.C. § 1)

THE UNITED STATES OF AMERICA, ACTING THROUGH ITS ATTORNEYS, CHARGES:

### DEFENDANTS AND CO-CONSPIRATORS

14. Each and every allegation contained in Paragraphs One through Four of this Information is realleged and reasserted here as if fully set forth in this Count.

### BACKGROUND OF THE OFFENSE

15. Each and every allegation contained in Paragraph Seven of this Information is realleged and reasserted here as if fully set forth in this Count.

16. During the period covered by this Count, F. ALLIED CONSTRUCTION COMPANY, INC. ("ALLIED") was a corporation with its principal place of business in Clarkston, Michigan, and engaged in the provision of asphalt paving services within the State of Michigan.

17. During the period covered by this Count, Defendants and ALLIED provided a range of asphalt paving services to customers in the State of Michigan, including to customers in the Eastern District of Michigan. These asphalt paving services included asphalt paving projects such as large driveways, parking lots, and private roadways.

### DESCRIPTION OF THE OFFENSE

18. Beginning at least as early as June 2013 and continuing until at least as late as June 2019, the exact dates being unknown to the United States, in the Eastern District of Michigan, Defendants entered into and engaged in a combination and conspiracy with ALLIED and other co-conspirators to suppress and eliminate competition by agreeing to rig bids for contracts to provide asphalt paving services in the State of Michigan. The combination and

conspiracy engaged in by Defendants and their co-conspirators was a *per se* unlawful, and thus unreasonable, restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

19. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendants and their co-conspirators, the substantial terms of which were to rig bids for contracts to provide asphalt paving services in the State of Michigan.

## MEANS AND METHODS OF THE CONSPIRACY

20. For the purpose of forming and carrying out the charged combination and conspiracy, Defendants and their co-conspirators did those things that they combined and conspired to do, including, among other things:

   a. engaging in conversations and communications to discuss which asphalt paving services contracts each co-conspirator company wanted to win;

   b. agreeing, during these conversations and communications to rig bids for asphalt paving services contracts;

   c. soliciting intentionally non-competitive bids from each other so that an agreed-upon co-conspirator company would win a particular contract to provide asphalt paving services;

   d. exchanging pricing-related information to enable co-conspirators to submit non-competitive bids for asphalt paving services contracts to potential customers so that an agreed-upon co-conspirator would win the contract;

   e. submitting, and causing to be submitted, non-competitive bids for asphalt paving services contracts containing higher prices than those prices submitted by the

agreed-upon winning co-conspirator, in accordance with the agreement; and

  f.  providing asphalt paving services and accepting payment in accordance with contracts that were obtained through a collusive and non-competitive process.

## TRADE AND COMMERCE

  21.  During the period covered by this Count, Defendants and their co-conspirators provided asphalt paving services in a continuous and uninterrupted flow of interstate trade and commerce. In addition, records and documents necessary for the sale and provision of such services, as well as payments for those services, traveled in interstate trade and commerce.

  22.  During the period covered by this Count, the business activities of Defendants and their co-conspirators in connection with the provision of asphalt paving services that are the subject of this Count were within the flow of, and substantially affected, interstate trade and commerce.

## VENUE

  23.  During the period covered by this Count, acts in furtherance of this conspiracy were carried out within the Eastern District of Michigan. Asphalt paving services that were the subject of this Count were provided by one or more of the co-conspirators to customers in the Eastern District of Michigan.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Date:  December 27, 2023	U.S. DEPARTMENT OF JUSTICE,
	ANTITRUST DIVISION, BY


/s/ Jonathan S. Kanter	/s/ Kalina M. Tulley
JONATHAN S. KANTER	KALINA M. TULLEY
Assistant Attorney General	Chief, Chicago Office


	/s/ Ruben Martinez, Jr.
	RUBEN MARTINEZ, JR., TX Bar No. 24052278
	AMBRIS S. SARAVANAN, IL Bar No. 6342503
	ALLISON M. GORSUCH, IL Bar No. 6329734
	MELANIE G. WEGNER, IL Bar No. 6324826
	Trial Attorneys

	MICHAEL N. LOTERSTEIN, IL Bar No. 6297060
	Assistant Chief

	Chicago Office
	209 South LaSalle Street, Suite 600
	Chicago, IL 60604
	Tel: (312) 984-7200

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** 23-20381, 23-20538, 23-20644 |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** Gershwin A. Drain |
| ☒ Yes   ☐ No | **AUSA's Initials:** RM |

**Case Title:** USA v. Al's Asphalt Paving Company, Inc., et al.

**County where offense occurred:** Oakland County

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

  ____Indictment/ ✓ Information --- **no** prior complaint.
  ____Indictment/____Information --- based upon prior complaint [**Case number:**            ]
  ____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____   **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

December 27, 2023
Date

s/ *Ruben Martinez, Jr.*
Ruben Martinez, Jr. TX 24052278
Trial Attorney
United States Department of Justice, Antitrust Division
209 S. LaSalle, Suite 600
Chicago, Il 60604
ruben.martinez@usdoj.gov
312-754-3932

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.